**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| EMG TECHNOLOGY, LLC, | |
| Plaintiff, | |
| v. | Case No. 6:12-cv-80 |
| MACY'S, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against

Defendant Macy's, Inc. ("Macy's"):

**JURISDICTION AND VENUE**

1.      This is an action for patent infringement in violation of the Patent Act of the

United States, 35 U.S.C. §§ 1 et seq.

2.      This Court has original and exclusive subject matter jurisdiction over the patent

infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3.      The Court has personal jurisdiction over Macy's because Macy's has transacted

and is transacting business in the Eastern District of Texas that includes, but is not limited to, the

use and sale of products and systems that practice the subject matter claimed in the patents

involved in this action.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because

a substantial part of the events or omissions giving rise to the claims occurred in this District

where Macy's has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5.      EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.  EMG operates offices at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

6.      EMG is informed and believes, and on that basis alleges, that Macy's is a corporation organized under the laws of the Delaware, with its principal place of business at 7 West Seventh Street,  Cincinnati, Ohio 45202.  EMG is further informed and believes, and on that basis alleges, that Macy's is in the business of selling clothing, home goods, furniture, and related products, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.macys.com, http://m.macys.com, http://www.bloomingdales.com and http://m.bloomingdales.com.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Macy's has done and continues to do business in this judicial district.

## PATENTS

7.      United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" was duly and legally issued on October 21, 2008.  A true and correct copy of the '196 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference.  By a series of assignments, EMG is now the assignee of the entire right, title and

interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement.  The '196 Patent is valid and in force.

8.      Following a reexamination of Patent No. 7,441,196, the United States Patent and Trademark Office issued an Inter Partes Reexamination Certificate, Number US 7,441,196 C1, on September 6, 2011. A true and correct copy of Inter Partes Reexamination Certificate, Number US 7,441,196 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference. (United States Patent No. 7,441,196, together with *Inter Partes* Reexamination Certificate, Number US 7,441,196 C1, shall hereinafter be referred to as the "'196 Patent.").

9.      United States Patent No. 7,020,845 (the "'845 Patent") entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control" was duly and legally issued on March 28, 2006.  A true and correct copy of the '845 Patent is attached hereto as Exhibit "C" and incorporated herein by this reference.  By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '845 Patent, including all rights to enforce the '845 Patent and to recover for infringement.  The '845 Patent is valid and in force.

## FIRST CLAIM FOR RELIEF

### Infringement of the '196 Patent

10.     EMG refers to and incorporates herein by reference paragraphs 1-9.

11.     Macy's, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

12.     By reason of the acts of Macy's alleged herein, EMG has suffered damage in an amount to be proved at trial.

13.     Macy's threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

14.     EMG is informed and believes, and on that basis alleges, that the infringement of Macy's is willful, wanton, and deliberate, without license and with full knowledge of the '196 Patent, thereby making this an exceptional case entitling EMG to attorneys' fees and enhanced damages against Macy's.

## SECOND CLAIM FOR RELIEF

### Infringement of the '845 Patent

15.     EMG refers to and incorporates herein by reference paragraphs 1-14.

16.     Macy's, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe the '845 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

17.     By reason of the acts of Macy's alleged herein, EMG has suffered damage in an amount to be proved at trial.

18.     Macy's threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury.  It would

be difficult to ascertain the amount of compensation that would afford EMG adequate relief for

such future and continuing acts, and a multiplicity of judicial proceedings would be required.

EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## JURY DEMAND

19.     EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A.      For an order finding that the '196 Patent is valid and enforceable;

B.      For an order finding that the '845 Patent is valid and enforceable;

C.      For an order finding that Macy's has infringed the '196 Patent and the '845 Patent

directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

D.      For an order temporarily, preliminarily and permanently enjoining Macy's, its

officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches,

parents, attorneys, representatives, privies, and all others acting in concert or participation with

any of them, from infringing the '196 Patent and the '845 Patent directly, contributorily and/or

by inducement, in violation of 35 U.S.C. § 271;

E.      For an order directing Macy's to file with the Court, and serve upon EMG's

counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the

manner and form in which it has complied with the injunction;

F.      For an order awarding EMG general and/or specific damages adequate to

compensate EMG for the infringement by Macy's, including a reasonable royalty and/or lost

profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or

exemplary damages, as appropriate, as well as all of the profits or gains of any kind made by Macy's from its acts of patent infringement;

G.      For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

H.      For an order requiring an accounting of the damages to which EMG is found to be entitled;

I.      For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of the infringement by Macy's;

J.      For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

K.      For an order awarding EMG its costs of court; and

L.      For an order awarding EMG such other and further relief as the Court deems just and proper.

 DATED:  February 22, 2012                  Respectfully Submitted,

**OF COUNSEL:**

                                            By: /s/Charles Ainsworth
Jeffer Mangels Butler and Mitchell, LLP

        Stanley M. Gibson                   Charles Ainsworth
        (Cal. Bar No. 162329)               State Bar No.  00783521
        *smg@jmbm.com*                      Robert Christopher Bunt
                                            State Bar No. 00787165
        Gregory S. Cordrey                  PARKER, BUNT & AINSWORTH, P.C.
        (Cal. Bar No. 190144)               100 E. Ferguson, Suite 1114
        *gxc@jmbm.com*                      Tyler, TX 75702
                                            903/531-3535
1900 Avenue of the Stars, Seventh Floor     903/533-9687
Los Angeles, CA 90067                       E-mail: charley@pbatyler.com
Telephone: (310) 203-8080                   E-mail: rcbunt@pbatyler.com
Facsimile: (310) 203-0567

                                            **ATTORNEYS FOR PLAINTIFF EMG
                                            TECHNOLOGY, LLC**